UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------------x
STARR INDEMNITY & LIABILITY COMPANY,

                    Plaintiff,                    Civil Action No.

              -against-

                                          **COMPLAINT**

U.S. WIRE & CABLE CORPORATION,

                    Defendant.
-------------------------------------------------------------------------------x

       Plaintiff, Starr Indemnity & Liability Company, by and through its undersigned counsel, files this Complaint against Defendant U.S. Wire & Cable Corporation, and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

2. There is complete diversity of citizenship between Plaintiff and Defendant.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) (1), (3) and (c).

4. An actual case and controversy of justiciable nature exists between the parties, involving the rights and obligations of the parties under the insurance contract issued by Plaintiff.

## THE PARTIES

5. Starr Indemnity is a property and casualty insurance company incorporated in the State of Texas, which maintains its main administrative office at 399 Park Avenue, New York, New York.

6. Starr Indemnity is licensed as an insurance carrier by the New Jersey Department of Banking and Insurance.

7. For diversity purposes, Starr Indemnity is a citizen of the states of Texas and New York.

8. Defendant is a corporation duly organized and existing under the laws of the State of New Jersey.

9. Defendant maintains its principal place of business at 366 Frelinghuysen Avenue, Newark, New Jersey.

10. For diversity purposes, Defendant is a citizen of the state of New Jersey.

## GENERAL ALLEGATIONS

11. At the specific request of Defendant, Starr Indemnity issued a workers' compensation insurance policy, under policy number 100 0003434, that covered the time period November 15, 2020 to November 15, 2021 (the "WC Policy").

12. The WC Policy is an insurance contract which provides, in exchange for payment of premiums, insurance coverage for liabilities of Defendant under the workers' compensation statutes of the following states: California, New Jersey, Pennsylvania, and South Carolina.

13. Throughout the term of the WC Policy, Starr Indemnity provided Defendant with the insurance protection set forth in the WC Policy.

14. Defendant received and accepted the insurance coverage of the WC Policy.

15. The WC Policy states that the "premium for this policy will be determined by our Manuals of Rules, Classifications, Rates, and Rating Plans."

16. Various state laws under which workers' compensation claims may be asserted against the WC Policy require Starr Indemnity to impose taxes and surcharges on policies of workers' compensation insurance.

17. Pursuant to the terms of the WC Policy, the initial premium was based on information submitted by Defendant and/or its insurance broker regarding Defendant's estimated remuneration for the effective dates of coverage.

18. Since the initial premium is based on estimated information, the WC Policy is subject to audit to determine the actual remuneration during the effective dates of coverage.

19. The 2022 WC Policy specifically provides as follows:

> The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not estimated premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more that the premium you paid to us, you must pay us the balance, if it is less, we will refund the balance to you.

20. Subsequent to the end of the WC Policy, Starr Indemnity performed an audit of Defendant's books and records as they related to the WC Policy.

21. Thereafter, Starr Indemnity calculated the final premium and taxes/ surcharges for the WC Policy.

22. The sum total of premiums and surcharges, including the audit premiums, for the WC Policy is $1,181,081.00 ($44,607.00 taxes/surcharges plus $1,136,474.00 premium).

23. Defendant remitted $1,104,723.03 for premiums and taxes/surcharges for the WC Policy.

24. Defendant, therefore, remains indebted to Starr Indemnity in the amount of $76,357.97 the WC Policy.

25. Starr Indemnity issued invoices and demands for payment for the outstanding premiums for the WC Policy to Defendant in a timely fashion.

26. Defendant has failed and refused, and continues to refuse, to remit payment of the $76,357.97 balance owed to Starr Indemnity pursuant to the terms of the WC Policy.

## COUNT I

### (Breach of Contract)

27. Plaintiff incorporates by reference paragraphs 1 through 26, as if fully set forth herein.

28. Defendant agreed to remit payment of premiums and taxes/surcharges, including audit premiums, in consideration for Starr Indemnity's provision of insurance coverage to Defendant.

29. Starr Indemnity has fulfilled its contractual obligations and provided the insurance coverage afforded by the WC Policy.

30. Defendant has failed and refused to pay the premium for the WC Policy although due demand has been made therefor.

31. Through its refusal to remit payment, Defendant has breached the contract between the parties, i.e., the WC Policy.

32. As a result of Defendant's breach of the insurance contract, Starr Surplus has suffered damages in the amount of $76,357.97, plus interest, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Starr Indemnity & Liability Company, demand judgment against the Defendant as follows:

   a. On Count I, damages in the amount of $76,357.97, plus interest and costs, with interest at the statutory rate from the date of default; and

    b. Such other and further relief as the Court may deem just and proper.

Dated: January 2, 2025                                     Respectfully Submitted,

                                                                     STARR INSURANCE HOLDINGS, INC.

                                                                     /s/ Marc P. Madonia
                                                             Marc P. Madonia
                                                             399 Park Avenue, 3rd Floor
                                                             New York, New York 10022
                                                             Marc.madonia@starrcompanies.com
                                                             *Attorneys for Plaintiff*
                                                             *Starr Indemnity & Liability Company*